# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

BILLY WHITEHEAD,
ADC #600614                                                    PLAINTIFF

V.                          4:14CV00372-KGB-JJV

STEVE YOUNG, Commissioner, Arkansas
State Parole Board; *et al*.                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Billy Whitehead, a state inmate confined at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC), filed this *pro se* action, alleging improper and inconsistent parole stipulations by Defendants, members of the Arkansas State Parole Board. (Doc. No. 1.) Having reviewed the Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

## I.      SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.*

## II.   FACTS AND ANALYSIS

Title 42 U.S.C. § 1983 was enacted to allow plaintiffs to enforce constitutional rights against defendants who have violated their rights while acting under color of state law. *Griffin-El v. MCI Telecommunications Corp.*, 835 F.Supp. 1114, 1118 (E.D. Mo. 1993). The law reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

Plaintiff claims that on August 15, 2011, the parole board did not place a stipulation preventing him from being with minor children or with women accompanied by children. (Doc. No. 1 at 4.) However, he claims Defendant Young reinstated those stipulations on April 19, 2014. (*Id.* at 4-5.) He asks that the Court order "them" (the Board?) to abide by the stipulations first set forth in August 2011. (*Id.*) In addition to Young, a Parole Board Commissioner, Plaintiff sues John Felts, the Parole Board Chairman.

3

The Arkansas Parole Board is a state agency created by the Arkansas General Assembly, and a claim against an officer of the Board is equivalent to a suit against that state agency.  Ark. Code Ann. § 16-93-201 (2007); *Bogan v. Hunnicutt*, No. 11-5061, 2011 WL 2533661 (W.D.Ark. 2011).  Therefore, Eleventh Amendment immunity precludes a claim against them.  *Will v. Michigan Dept. Of State Police*, 491 U.S. 58 (1989).

In addition, functions performed by hearing examiners and commissioners are considered essentially judicial functions, thereby entitling them to absolute immunity from liability.  *Anton v. Getty*, 78 F.3d 393 (8th Cir. 1996).  "[P]arole officials in deciding to grant, deny, or revoke parole, perform functions comparable to those of judges."  *Evans v. Dillahunty*, 711 F.2d 828, 831 (8th Cir. 1983).  *See also Barnett v. Arkansas Board of Parole*, No. 4:11-cv-000533-JMM, 2011 WL 5857124 (E.D.Ark. 2011).  While Plaintiff alleges Defendant Young reinstated a stipulation to his parole, he does not allege any actions by Defendant Felts, the Board Chairman.  In *Anton*, the Court held that tasks similar to those performed by probation officers when preparing a presentence report – such as evaluating facts, drawing legal conclusions, and making recommendations – were closely associated with a judicial function, thereby entitling the officers to absolute immunity.  78 F.3d at 396.  Similarly, the Court finds that Defendants are entitled to such immunity and that Plaintiff's Complaint against them should be dismissed.

## III.    CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1.      Plaintiff's Complaint against Defendants be DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2       This dismissal be considered a "strike" within the meaning of the Prison Litigation

Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

      3.     The Court certify that an *in forma pauperis* appeal from an Order and Judgment dismissing this action will not be taken in good faith. 28 U.S.C. § 1915(a)(3).

      DATED this 26th day of June, 2014.

                                      _____
                                      JOE J. VOLPE
                                      UNITED STATES MAGISTRATE JUDGE

---

[1]The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.